IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY MARSHALL,

    Plaintiff,                    CIV-S-04-1932 LKK GGH PS

    vs.

HOME DEPOT, et al.,

    Defendant.                 ORDER AND FINDINGS & RECOMMENDATIONS

_____/

        On February 8, 2005, the court issued an order vacating its findings and recommendations of December 23, 2004, and granted plaintiff an extension of time to amend his complaint. The court ordered plaintiff to file an amended complaint within thirty days from the date of that order. The court also warned plaintiff that no further extensions of time would be granted and that failure to file an amended complaint would result in a recommendation that the action be dismissed with prejudice.

        Plaintiff has failed to file an amended complaint. Instead, on March 14, 2005, he filed another request for an extension of time. Plaintiff argues that good cause exists for granting another extension of time, namely, that he was transferred to Richard J. Donovan Correctional Facility on February 7, 2005, and since that date has had no access to the law library. He further claims that he did not receive notice of the court's order filed February 8, 2005, until March 9,

1

2005, despite his attempt to notify the Clerk of his transfer and change of address.

Notwithstanding plaintiff's arguments, the court notes that it has granted plaintiff numerous extensions of time to amend his complaint. First, by order filed September 16, 2004, the court dismissed plaintiff's complaint and granted him thirty days leave to file an amended complaint. The court then granted plaintiff an additional 30 days to amend his complaint on November 4, 2004. The court again showed leniency toward plaintiff on February 8, 2005, when it vacated its findings and recommendations and granted plaintiff an additional thirty days to file an amended complaint. Despite these numerous extensions of time to file an amended complaint, plaintiff has failed to do so. Furthermore, the court's order on February 8, 2005, made clear that no further extensions of time would be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a 30 day extension of time is DENIED.

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998). Before dismissing a case for failure to comply with a court order, the district court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir. 1986).

In determining to recommend that this action be dismissed, the court has considered the factors set forth in Henderson. Plaintiff's failure to comply with the court's order has impeded expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no

1  intention to pursue.  Although public policy favors disposition of cases on their merits, plaintiff's
2  failure to respond to the court's order has precluded the court from considering the merits of this
3  action.  In addition, defendants necessarily are prejudiced by delay in promptly initiating an
4  action.  Finally, the court concludes that there is no suitable alternative sanction, plaintiff
5  apparently having no intent to conduct this litigation in accord with accepted practice.

6        Accordingly, for plaintiff's failure to comply with the order filed on February 8,
7  2005, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.  See
8  Local Rule 11-110 (E.D. Cal. 1997); Fed. R. Civ. P. 41(b).

9        These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
11 after being served with these findings and recommendations, plaintiff may file written objections
12 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
13 and Recommendations."  Plaintiff is advised that failure to file objections within the
14 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
15 F.2d 1153 (9th Cir. 1991).

DATED: 4/22/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Marshall1932.ord

3