1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY MARSHALL,

11          Plaintiff,              No. CIV S-04-1932 LKK GGH PS

12      vs.

13   HOME DEPOT, et al.

14          Defendants.         ORDER & FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff, proceeding in this action pro se, has filed an amended complaint in the

17   above-captioned matter.  This proceeding was referred to this court by Local Rule 72-302(c)(21)

18   pursuant to 28 U.S.C. § 636(b)(1).

19          On September 16, 2004, the undersigned granted plaintiff's request to proceed in

20   forma pauperis and dismissed the complaint with leave to amend.  The complaint was dismissed

21   because plaintiff's claims against Home Depot did not appear to vest the court with jurisdiction

22   to hear the case and because plaintiff's separate claims against Solano County Sheriff's

23   Department were required to be filed in a separate civil rights action.  After numerous extensions,

24   plaintiff has finally filed the amended complaint initially ordered on September 16, 2004.

25          The determination that a plaintiff may proceed in forma pauperis does not

26   complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

1

dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is frivolous if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In his amended complaint, plaintiff alleges that various Home Depot personnel violated his due process and privacy rights when they detained him on suspicion of making a fraudulent return, and subsequently denied his request to use the restroom, forcing him to urinate in a water bottle in front of store employees.  Plaintiff claims the employees "sexually harassed" him as they "ventured into voyeurism" watching him urinate.  He claims he was handcuffed and that his treatment by the Home Depot personnel constitute "cruel and unusual punishment in direct violation of the 14th and 8th amendment."

As discussed in the order of September 16, 2004, plaintiff's claims against Home

2

Depot and its personnel cannot be brought under 42 U.S.C. § 1983 since they are private actors. In order to state a claim under § 1983, a plaintiff must allege that (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). Or, plaintiff can invoke the jurisdiction of the federal courts in some other way if possible. The Home Depot defendants (Home Depot, Tommy Lezistes, Marcisa Gudino and Robert Wintermore) are private actors to whom § 1983 does not apply.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). United States Constitution Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S.Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332 confer "federal question" and "diversity" jurisdiction respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776 (1945). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Jurisdiction may not be

3

1  sustained on a theory that the plaintiff has not advanced." <u>Merrell Dow Pharm., Inc. v.</u>

2  <u>Thompson</u>, 478 U.S. 804, 809 n.6, 106 S.Ct. 3229, 3233 n.6 (1986).

3          With regard to the Home Depot defendants, plaintiff has not invoked any other

4  basis for federal jurisdiction in this matter.  Plaintiff does not allege diversity jurisdiction, nor

5  does he allege any tenable basis for federal question jurisdiction.  He merely alleges violations of

6  various constitutional rights by private actors.  A simple reference to federal law does not create

7  subject-matter jurisdiction.  <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690, 694 (5th Cir. 1995).

8  Although plaintiff sets forth serious allegations, plaintiff has pointed to no statute conferring

9  jurisdiction on this court.  Accordingly, plaintiff has failed to allege a basis for this court's

10  jurisdiction with regard to his claims against the Home Depot defendants.

11          However, in addition to the private actors named in his complaint, plaintiff has

12  added the Fairfield Police Department and "J. Clarke" as a defendants in his amended complaint.

13  He does not explain who "J. Clarke" is nor does he allege any acts by the Fairfield Police

14  Department or its agents in connection with his detention by the Home Depot defendants.

15  Accordingly, the court is unable to determine whether or not plaintiff alleges a violation of 42

16  U.S.C. § 1983 with regard to these newly named defendants.

17          The Civil Rights Act provides as follows:

18              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
19              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
20              law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

23  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

4

1  complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).   Vague and

2  conclusory allegations concerning the involvement of official personnel in civil rights violations

3  are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4         Plaintiff must allege an actual link between the newly named defendants,

5  including the Fairfield Police Department, and any alleged deprivation of his civil rights.  In

6  addition, the pleadings must comply with the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8

7  sets forth general rules of pleading in the Federal Courts.  Complaints are required to set forth (1)

8  the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

9  showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires

10  "sufficient allegations to put defendants fairly on notice of the claims against them." <u>McKeever</u>

11  <u>v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

12         As discussed above, the amended complaint does not meet these requirements.  In

13  particular, the amended complaint does not include grounds upon which the court's jurisdiction

14  rests, nor does it include allegations to put the newly named defendants on notice of the claims

15  against them.  Specifically, plaintiff does not allege what role the Fairfield Police Department or

16  any of its agents played in his detainment by Home Depot personnel.  <u>See</u> <u>Conley v. Gibson</u>, 355

17  U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); <u>Richmond v. Nationwide Cassel L.P.</u>, 52

18  F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to

19  satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller, <u>Federal Practice and</u>

20  <u>Procedure</u> § 1202 (2d ed. 1990).

21         However, because pro se pleadings are liberally construed, the court will allow

22  plaintiff to amend his complaint a second time with regard to those defendants (Fairfield Police

23  Department and "J. Clarke") in order to comply with Fed. R. Civ. P. 8.

24         Plaintiff is advised that any amended complaint must bear the civil docket number

25  assigned to this case and must be labeled "Amended Complaint;" plaintiff must file an original

26  and two copies of the amended complaint.  Local Rule 15-220 requires that an amended

1  complaint be complete in itself without reference to any prior or superseded pleading.  This is

2  because, a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>

3  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original pleading

4  no longer serves any function in the case.  <u>Id</u>.; <u>see</u> <u>also</u> E.D. Cal. L.R. 15-220.

5          To the extent that plaintiff is requesting copies of court documents,[1] plaintiff is

6  advised that the court does not provide copies for any party.  The court will, however, provide

7  copies of dockets at $.50 per page.  Checks in the exact amount should be made payable to

8  "Clerk, USDC."  In Forma Pauperis status does not relieve a party of the cost of copies.

9  Accordingly, the plaintiff's September 29, 2005, request for documents is denied.

10         In accordance with the above, IT IS ORDERED that:

11         1.  The amended complaint is dismissed with leave to file a second amended

12 complaint within thirty days from the date of this order.  The amended complaint should address

13 only claims against the newly named defendants (Fairfield Police Department and "J. Clarke.)"

14 Failure to file an amended complaint will result in a recommendation that the action be

15 dismissed.

16         IT IS RECOMMENDED that:

17         1.  The amended complaint be dismissed, with prejudice, against defendants

18 Home Depot, Timothy Lezistes, Marcisa Gudino, and Robert Wintermote.

19         These findings and recommendations are submitted to the United States District

20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

21 (10) days after being served with these findings and recommendations, any party may file written

22 objections with the court and serve a copy on all parties.  Such a document should be captioned

23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24 shall be served and filed within ten (10) days after service of the objections.  The parties are

25 _____

26     [1] On September 29, 2005, plaintiff filed a request for a copy of his original complaint.

6

1    advised that failure to file objections within the specified time may waive the right to appeal the

2    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: 10/28/05

4                                                            /s/ Gregory G. Hollows

5    _____

6    GGH:mb                                         GREGORY G. HOLLOWS
     Marshall1932.fr                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26